The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commission George T. Glenn II. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. That all the parties are properly before the Industrial Commission, and that the Industrial Commission has jurisdiction of the parties and the subject matter. That all the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. All parties have been correctly designated and that there is no question as to misjoinder or non-joinder of parties.
2. That at all relevant times herein, there existed between plaintiff and defendant-employer the relationship of employer-employee.
3. That at all relevant times herein, defendant-employer was an approved self-insured for workers' compensation purposes with Key Risk Management Services, Inc. acting as its adjusting agent.
4. That plaintiff's average weekly wages will be determined from a Form 22 to be provided by defendant-employer.
5. The issues to be determined from this hearing are as follows:
 a) Whether plaintiff sustained an injury by accident or developed an occupational disease while employed by defendant-employer?
 b) If so, what benefits, if any, is plaintiff entitled to receive?
***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff is a forty-four year old female with a high school education. She has worked as a toe sewer for the last ten years.
2. Plaintiff began working for defendant-employer as a toe sewer in September 1994. In the toe sewer position, plaintiff would sew some 150 dozen pairs of pantyhose per shift, in this position she had to continuously push, pull, squeeze, flex her wrist, reach and twist her hands to perform her job. She began to experience problems with her hands, shoulder and neck in January 1996, at which time she told her supervisor.
3. Plaintiff was initially seen and treated by her family physician concerning her work-related complaints in June 1996. Plaintiff's complaints to Dr. Catherine Bliss were posterior neck pain on the right side, going across both shoulders, between the shoulder blades, pain in both arms and tingling of both hands.
4. Dr. Bliss diagnosed her condition as carpal tunnel syndrome, nonspecific neck pain and hypertension. Dr. Bliss referred plaintiff to Dr. Howard Edward Miller, an orthopaedic surgeon.
5. Dr. Miller initially saw and treated plaintiff on or about June 17, 1996. Dr. Miller diagnosed plaintiff's condition as cervical spondylosis and carpal tunnel of the left hand/arm. He treated plaintiff's condition with medication, a cervical collar and physical therapy. Dr. Miller and Bliss were of the opinion that plaintiff's position with defendant-employer aggravated her condition, but neither was able to state whether her position placed her at an increased risk as opposed to the general public in developing her condition.
6. Plaintiff was thereafter seen and treated by Dr. Damon Anagnos. Dr. Anagnos, a plastic surgeon with a little more than half of his practice in hand and upper extremity surgery, diagnosed plaintiff's condition as carpal tunnel syndrome. Dr. Anagnos was of the opinion that her carpal tunnel syndrome was not related to her employment with defendant-employer, nor was it aggravated by her employment.
***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that she developed an occupational disease resulting from her employment with defendant-employer; and, she has failed to prove that her condition is peculiar to and characteristic of her employment with defendant-employer, that any exacerbation at work was a significant contributing factor in the development of her condition, or that she was placed at an increased risk of developing her condition as a result of her position.
2. Plaintiff has failed to present competent evidence that any alleged disease or injury from which she suffers is related to her employment. Plaintiff has failed to satisfy her burden of proving a compensable occupational disease or injury, and her claim for benefits should be denied.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for benefits must be, and the same is HEREBY DENIED.
2. Each side shall pay its own cost.
This the ___ day of September 1999.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
DCS/bjp